AO 106 (Rev. 01/09) Application for a Search Warrant

# United States District Court
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

One LG Model LM-G710ULM bearing IMEI number: 357810090270993    Case No. 19-MJ- 165

## APPLICATION FOR SEARCH WARRANTS

I, a federal law enforcement officer or an attorney for the government, request search warrants and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

One LG Model LM-G710ULM bearing serial number: 357810090270993

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized)*:

The items set forth on the attached Items to be Searched for and Seized, Attachment B.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1); Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2); and Title 18, United States Code, Section 2251(a).

The application is based on these facts:

- ☒ continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

BRYAN M. JACOBSON
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 4, 2019

*Judge's signature*

H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

City and state: Buffalo, New York

## AFFIDAVIT

STATE OF NEW YORK   )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO     )

I, **Bryan M. Jacobson**, being duly sworn, depose and state the following:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I have been employed as a Special Agent since August 2007 and am currently assigned to the Buffalo, New York field office. In my duties, I investigate crimes involving child exploitation including violations of Title 18, United States Code, Sections 2251 and 2252A relating to the production, distribution, receipt, and possession of child pornography.

2. I make this affidavit in support of a warrant to search one (1) LG Model LM-G710ULM, cellular phone bearing IMEI: 357810090270993 (the SUBJECT PHONE), more particularly described in Attachment A. The items to be seized include evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251(a) (production of child pornography), 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography), as specified in Attachment B.

3. All information contained in this affidavit is based on my personal knowledge or has been related to me by other law enforcement agents. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I

believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of Title 18, U.S.C., Sections 2252A(a)(2)(A) and (b)(1), Receipt and Distribution of Child Pornography; Title 18, U.S.C., Sections 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography; and Title 18, U.S.C., Section 2251(a), Production of Child Pornography, are presently located on the SUBJECT PHONE.

## STATUTORY AUTHORITY

4.  As noted above, this investigation concerns alleged violations of the following:

    a. 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) prohibits a person from knowingly receiving, distributing, or conspiring to receive or distribute, or attempting to do so, any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

    b. 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) prohibits a person from knowingly possessing or knowingly accessing with intent to view, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

2

c.      18 USC §§ 2251(a) and (e) prohibit any person from knowingly making, printing, or publishing, or causing to be made, printed, or published, or attempting or conspiring to make, print, publish, or attempt or conspire to cause to be made, printed, or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, or reproduce, any visual depiction, if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; or participation in any act of sexually explicit conduct by or with any minor for the purpose of producing a visual depiction of such conduct.

### DEFINITIONS

5.      The following definitions apply to this Affidavit and Attachment B:

a.      "Child Pornography" is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256(8).

b.      "Visual depictions" include undeveloped video, and data stored by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

c.   "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

d.   "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. *See* 18 U.S.C. § 2256(2).

e.   "Passwords and data security devices" consist of information or items designed to restrict access to or hide software, documentation or data. Data security devices may consist of hardware, software or other programming code. A password (a string of alpha-numeric characters) usually operates a sort of digital key to unlock particular data security devices. Data security software of digital code may include programming code that creates test keys or hot keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide or booby-trap protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

f.   "Internet Protocol address or IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning that the Internet Service Provider (ISP) assigns a different unique number to a subscriber's phone or computer at varying intervals at the discretion of the ISP. IP addresses might also be static meaning an ISP assigns a user's electronic device a specific IP address which is used each time the device accesses the Internet.

4

g. "Image or copy" refers to an accurate reproduction of information contained on an original physical item, independent of the electronic storage device. Imaging or copying maintains contents, but attributes may change during the reproduction.

**BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE**

6. On September 16, 2019, ROBERTO ERB LUGO (hereinafter referred to as "the defendant") did attempt to enter the United States by way of the Rainbow Bridge Port of Entry (POE) in Niagara Falls, New York. Upon encounter by Customs and Border Protection (CBP) officers, the defendant was referred to secondary inspection based on a positive TECS lookout related to the defendant possibly being in possession of child pornography.

7. CBP officers conducted a secondary inspection of both the defendant and the SUBJECT PHONE. Once in secondary inspection, the defendant provided CBP officers with the SUBJECT PHONE. After reaching into his pocket and providing CBP Officer Koteras with the SUBJECT PHONE, the defendant also verbally acknowledged that he was the owner of said SUBJECT PHONE. CBP Officer Koteras asked the defendant to unlock the SUBJECT PHONE and to provide him with the password, which the defendant did.

8. While conducting a basic exam of the SUBJECT PHONE, CBP officers discovered videos that appeared to be child pornography. CBP officers immediately contacted Homeland Security Investigations (HSI) for further investigation.

9. HSI Special Agents conducted a manual review of the SUBJECT PHONE at the Rainbow Bridge POE. During this review, HSI agents observed several videos that appeared to depict child pornography, as follows:

   a) "4yo LISA Fuck-and-Cum-in-Pussy.mp4" depicts an approximately 4-6 year old female with an adult male inserting an erect penis into her vagina. The male ejaculates on her vagina and places a finger on the clitoral region.

   b) "BG 007.avi" depicts a male and female approximately 10-12 years old undressing. Both the male and female masturbate then have intercourse then masturbate each other.

   c) "1416983188-VID_20141112_161909.mp4" depicts an approximately 6-8 year old female masturbating with a vibrator while being anally penetrated by an adult male.

10. After a review of the SUBJECT PHONE, and finding the aforementioned videos of child pornography, the phone was detained by HSI pending further investigation. Based on the aforementioned information, there is probable cause to believe that there is evidence, fruits and instrumentalities of violations of Title 18, United States Code, Sections 2251, 2252A(a)(2)(A), and 2252A(a)(5)(B), presently located within the SUBJECT PHONE.

## TRAINING AND EXPERIENCE

11. In addition, based on my training and experience, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who seek child pornography are often individuals who have a sexual

interest in children and in images of children, and that there are certain characteristics common to such individuals:

      a)      Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or in other visual media; or from literature describing such activity.

      b)      Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides, including online accounts, and devices such as the SUBJECT PHONE. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the child, or to demonstrate the desired sexual acts.

      c)      Likewise, individuals who have a sexual interest in children or images of children often maintain their collections that are in a digital or electronic format in a safe, secure, and private environment, such as a computer or on an online account, or on smart phones such as the SUBJECT PHONE. These collections are kept to enable the individual to view the collection, which is valued highly.

      d)      Individuals who have a sexual interest in children or images of children also may correspond with and/or meet others to share information and materials; conceal such correspondence as they do their sexually explicit material; and often maintain lists of

names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

e) Individuals who have a sexual interest in children or images of children prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

f) Individuals who have a sexual interest in minors who communicate online with minors may keep their chats and images/videos and may conceal such correspondence and images and videos. They may look at these items at a later time and may use these items in the future for sexual gratification. They may also show these items to others. Individuals who communicate with minors in an attempt to persuade, induce, entice or coerce minors to engage in sexual activity often communicate with multiple minors online for this purpose and often retain the child pornography and chats received from those minors.

g) Individuals can use online resources to retrieve, store and share child pornography, including services offered by Internet Portals such as Google, America Online (AOL), Yahoo! and Hotmail, among others, all of which can be accessed using the SUBJECT PHONE. Online services allow a user to set up an account providing e-mail and instant messaging services, as well as electronic storage of cellular telephone files in any variety of formats. A user can set up an online storage account from any cellular telephone with access to the Internet. Evidence of such online storage of child pornography is often found within the device used to access the account, such as the SUBJECT PHONE.

12. Based upon my training and experience, cell phones, like computers, and other electronic devices, have the capacity to retain information, even after that information has been deleted by the user. Thus, images, videos and other files associated with the receipt, distribution, production and possession of child pornography may be recovered from electronic and digital media, even if those files were previously deleted.

## CONCLUSION

13. Based upon the forgoing, the undersigned respectfully submits that there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Sections 2251, 2252A(a)(2)(A), 2252A(a)(5)(B), as specifically described in **Attachment B** to this application, are presently located within the SUBJECT PHONE. The undersigned therefore respectfully requests that the attached warrant be issued authorizing a search for the items listed in **Attachment B**, more particularly described in **Attachment A** to this application.

BRYAN M. JACOBSON
Special Agent
Homeland Security Investigations

Sworn to before me this 4th day of October, 2019.

HON. H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

9

# ATTACHMENT A

# DESCRIPTION OF ITEM, "SUBJECT PHONE", TO BE SEARCHED AND SEIZED

One, (1), LG Model LM-G710ULM, cellular phone bearing IMEI: 357810090270993, currently in custody of the Department of Homeland Security at 250 Delaware Avenue, Buffalo, New York.





## ATTACHMENT B
## INFORMATION TO BE SEARCHED FOR AND SEIZED

The following items to be searched for and seized in the SUBJECT PHONE described in Attachment A, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, and items, records, documents, materials, and files designed or intended for use or which is or had been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2252A(a)(5)(B), 2252A(a)(2)(A), and 2251(a):

1. Any and all visual depictions and files, in whatever form, of child pornography, child erotica, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

2. Any and all records, chats, texts, and correspondence pertaining to the possession, receipt, distribution, and production of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4. Any and all correspondence, documents, records, images, videos, instant messages, chats or any other type of electronic communications software, chat files, chat logs, chat names used, chatroom contacts, chat software, peer to peer software, peer to peer files, newsgroup postings by the user, IP addresses assigned, and buddy lists, favorites, internet history, browsing history, internet search history, cookies, deleted files, search terms, screen names, bookmarked and favorites, user typed web addresses, path and file names for files opened through any media and/or image viewing software, IP addresses assigned, and other records, correspondence or evidence relating to the possession, receipt, distribution, transmission, or production of child pornography;

5. Any and all credit/debit card and bank account information including but not limited to bills, statements, and payment records, payment for or purchase of the cell phone, access to the internet, websites, software programs, organizations, groups, websites or other materials associated with child pornography;

6. Any and all records, documents, invoices, correspondence, and other records or data relating to the ownership or identity of the user of the SUBJECT PHONE including but not limited to records, documents, invoices, bills and payments of an Internet Service Provider including passwords, and/or screen

names;

7. Any access numbers, passwords, personal identification numbers, user names, screen names or internet accounts used, or possibly used, to access any servers, storage devices or Internet web sites for child pornography; and

8. Any and all passwords, counter-forensic programs, and other data security devices designed to restrict access to, hide, or destroy data, records, or software.